IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIVERSITY ACCOUNTING SERVICE, LLC**, <br><br>Plaintiff, <br><br>v. <br><br>**ETHAN SCHULTON and SCHOLARCHIP CARD, LLC**, <br><br>Defendants. | Case No. 3:18-cv-1486-SI <br><br>**OPINION AND ORDER REGARDING COST BILLS** |

Allyson B. Baker, Sameer P. Sheikh, Erin Z. Cass, Meredith L. Boylan, and Michael J. Marusak, VENABLE LLP, 600 Massachusetts Avenue, NW, Washington, DC 20001; Ciaran P.A. Connelly, BALL JANIK LLP, 101 SW Main Street, Suite 1100, Portland, OR 97204. Of Attorneys for Plaintiff.

Scott R. Ast, SCHARNHORST AST KENNARD GRIFFIN PC, 1100 Walnut Street, Suite 1950, Kansas City, MO 64106; Stephen P. Yoshida and Michael J. Farrell, MB LAW GROUP LLP, 117 Taylor Street, Suite 200, Portland, OR 97204. Of Attorneys for Defendant Ethan Schulton.

Stephen Nakamura, MERLE BROWN & NAKAMURA PC, 90 Broad Street, Suite 2201, New York, NY 10004; John C. Rothermich, K&L GATES LLP, One SW Columbia Street, Suite 1900, Portland, OR 97258; G. William Shaw, K&L GATES LLP, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104. Of Attorneys for Defendant ScholarChip Card, LLC.

**Michael H. Simon, District Judge.**

In this lawsuit, Plaintiff University Accounting Service, LLC ("UAS") asserted claims against Defendants Ethan Schulton ("Schulton") and ScholarChip Card, LLC ("ScholarChip").

PAGE 1 – OPINION AND ORDER REGARDING COST BILLS

Against both Schulton and ScholarChip, UAS alleged misappropriation of trade secrets and intentional interference with business relations. For those claims, UAS sought money damages and equitable relief. UAS also alleged that ScholarChip was liable for breach of contract. For that claim, UAS sought only an equitable remedy, asking for both prohibitory and mandatory injunctive relief. After a nine-day trial, the jury returned its verdict in favor of both Defendants, rejecting UAS's claims of misappropriation of trade secrets and intentional interference. The Court, as factfinder in the breach of contract claim, then found that ScholarChip had breached its contract with UAS and entered permanent injunctive relief.

Regarding Defendant Schulton, the Court entered judgment against UAS and in favor of Schulton on all claims. Regarding Defendant ScholarChip, the Court entered judgment in favor of ScholarChip and against UAS on the two legal claims decided by the jury and in favor of UAS and against ScholarChip on the equitable claim decided by the Court. UAS timely appealed, and that appeal is continuing. Pending before the Court are: (1) Schulton's cost bill (ECF 336), seeking $2,312.32; (2) ScholarChip's cost bill (ECF 339), seeking $96,907.92; and (3) UAS's cost bill (ECF 342), seeking $85,682.82.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in relevant part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.

Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir.1995)). This discretion, however, is not unlimited. *Id*. "A district court must specify reasons for its refusal to award costs." *Id*. (citation and quotation marks omitted).

PAGE 2 – OPINION AND ORDER REGARDING COST BILLS

In some cases, it is easy to determine who is the "prevailing party" for purposes of Rule 54. This is not one of those cases. In general, "the 'prevailing party' is the party who prevails as to *the substantial part* of the litigation." *Testa v. Vill. of Mundelein, Ill*., 89 F.3d 443, 447 (7th Cir. 1996). As the Ninth Circuit has explained:

> A litigant need not prevail on every issue, or even on the "central issue" in the case, to be considered the prevailing party. *Texas State Teachers Ass'n v. Garland Independent Sch. Dist*., 489 U.S. 782, 790–91 (1989). It is enough that she succeeds "on any significant claim affording some of the relief sought." *Id*. at 791. If the plaintiff is only partially successful in seeking the relief, and achieves only some of the benefit sought by the litigation, she is still considered the prevailing party. *Stivers v. Pierce*, 71 F.3d 732, 751 (9th Cir.1995) (citing *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). "The degree of success is irrelevant to the question whether the plaintiff is the prevailing party." *Id.*

*Hashimoto v. Dalton*, 118 F.3d 671, 677 (9th Cir. 1997). Under this analysis, Plaintiff UAS might be properly considered to be the prevailing party.

On the other hand, UAS asserted three claims against ScholarChip, lost two of them before the jury, and recovered only a portion of the injunctive relief that it requested on the third. Thus, ScholarChip prevailed on the majority of claims brought by UAS. Under the law in some circuits, that would be sufficient to make ScholarChip the prevailing party. *See, e.g., Roberts v. Madigan*, 921 F.2d 1047 (10th Cir. 1990) ("We now hold that the district court in this case did not abuse its discretion when it awarded full costs to the party [the defendant] prevailing on the majority of claims and the central claims at issue."). Further, at least under the law of the Federal Circuit, there can only be one prevailing party in a case. *See Shum v. Intel Corp*., 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("Our conclusion that there can only be one prevailing party in a given case is reinforced by the use of the definite article 'the' before 'prevailing party.'").

In this case, it is unclear who is the "prevailing party" as between UAS and ScholarChip. Both won a portion of this lawsuit, and both lost a portion. Under these circumstances, the Court

exercises its discretion to award prevailing party costs to neither UAS nor ScholarChip. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs."); *see also Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 670 (Fed. Cir. 2000) ("The district court did not err in refusing to award costs, for neither party prevailed sufficiently to require an award of costs and make a decision not to do so an abuse of discretion."); *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234-35 (10th Cir. 2001) (noting that "in cases in which 'neither side entirely prevailed, or when both sides prevailed, . . . some courts have denied costs to both sides").

Defendant Schulton's cost bill (ECF 336) is allowed in the amount of $2,312.32. Defendant ScholarChip's cost bill (ECF 339) and Plaintiff UAS's cost bill (ECF 342) are each denied without prejudice and with leave to renew if the Ninth Circuit's resolution of the pending appeal alters the analysis regarding whether UAS or ScholarChip is the prevailing party.

**IT IS SO ORDERED.**

DATED this 20th day of July, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge